UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

|                          |   |                    |
|--------------------------|---|--------------------|
| DONNA MARIE FARRIS,      | ) |                    |
|                          | ) |                    |
| Plaintiff,               | ) |                    |
|                          | ) |                    |
| v.                       | ) | 1:10-cv-0013-JAW   |
|                          | ) |                    |
| ERIC K. SHINSEKI, SECRETARY, | ) |                |
| DEPARTMENT OF VETRANS    | ) |                    |
| AFFAIRS,                 | ) |                    |
|                          | ) |                    |
| Defendant.               | ) |                    |

## ORDER ON MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

The Department of Veterans Affairs (VA) has moved to dismiss or for summary judgment against Donna Marie Farris' Title VII claim, asserting that she failed to timely file a formal complaint with the Equal Employment Opportunity Commission (EEOC) and therefore, that her lawsuit is barred for failing to exhaust administrative remedies. Ms. Farris concedes she failed to make a timely filing but contends she is entitled to an equitable tolling of the fifteen-day period for filing a formal complaint. The Court concludes that Ms. Farris failed to sustain her burden to demonstrate she is entitled to equitable estoppel against the VA and it grants the VA's motion for summary judgment.

## I.   STATEMENT OF FACTS

### A.   Donna Marie Farris' Complaint[1]

---

[1] The VA filed motions in the alternative: a motion to dismiss and a motion for summary judgment. *Mot. to Dismiss or in the Alternative for Summ. J.* at 1 (Docket # 7) (*VA Mot.*). With its motion for summary judgment, it filed a statement of material facts. *Def.'s Statement of Material Facts* (Docket

Donna Marie Farris began employment with the VA Medical Center (VAMC) in Togus, Maine, in September 2008. *Def.'s Statement of Material Facts* ¶ 1 (Docket # 8) (DSMF); *Pl's Reply to Def.'s Statement of Material Facts* ¶ 1 (Docket # 28) (PRDSMF). Ms. Farris was an award-winning social worker and POW Coordinator for the state of Maine. *Pl.'s Statement of Material Facts in Support of Pl.'s Opp'n to Def.'s Mot. to Dismiss or in the Alternative for Summ. J.* ¶ 1 (Docket # 28) (PSMF); *Reply to Pl.'s Statement of Additional Material Facts* ¶ 1 (Docket # 33) (DRPSMF). She had been recognized twice by the VA's "Caught Ya' Recognition Program"—once for an "Above and Beyond Attitude and Excellence in Customer Service" and once for providing extra assistance during a staffing shortage.[2] PSMF ¶ 1; DRPSMF ¶ 1.

On September 22, 2008, Ms. Farris suffered a work-related injury to her neck and right shoulder and was unable to work for a month. PSMF ¶ 2; DRPSMF ¶ 2. During this time, Ms. Farris was ordered by her supervisor, James Hammond, and Togus Human Resources Manager, Terry Gagne, to see Bonnie Ayotte, an

---

# 8). In her response, Ms. Farris treated the motions solely as a motion to dismiss and neglected to file either an opposing statement of material facts or a statement of additional facts under Local Rule 56(c). *See* D. ME. LOC. R. 56(c). At a conference of counsel on November 17, 2010 (Docket # 26), upon agreement of the parties, the Court permitted Ms. Farris to file a late response to the VA's Statement of Material Facts and allowed the VA to submit a reply. With these additional filings, the Court has treated the VA's motion as a motion for summary judgment. FED. R. CIV. P. 12(d).

[2] The VA makes a qualified response and moves to strike this and other background statements of fact by Ms. Farris, arguing that the statements are immaterial, and further, that Ms. Farris' untimely filing of the EEO complaint prejudiced the VA's ability to respond since it resulted in the complaint's dismissal before an EEO investigation. DRPSMF ¶¶ 1-10, 12. The Court disagrees with the VA that this and other background statements are immaterial. Further, the Court is not convinced that the lack of an EEO investigation prejudiced the VA. First, the VA has been entitled to conduct its own discovery on these issues and the VA has not demonstrated there was any information it could have obtained through a timely EEOC investigation that would have been unavailable through current discovery. Finally, to the extent the EEO uncovered any information controverting Ms. Farris' statement, for purposes of this motion, the Court would have recounted the facts in the light most favorable to Ms. Farris in accordance with the "conventional summary judgment praxis." *See Gillen v. Fallon Ambulance Serv., Inc.*, 283 F.3d 11, 17 (1st Cir. 2002). The Court denies the VA's motion to strike paragraphs one through ten and twelve of the Plaintiff's Statement of Additional Material Facts.

occupational nurse for the VA.  PSMF ¶ 3; DRPSMF ¶ 3.  While examining Ms. Farris, Ms. Ayotte asked her about other medical conditions.  PSMF ¶ 3; DRPSMF ¶ 3.  Ms. Farris responded that she had myasthenia gravis—a potentially life-threatening illness—and scleroderma.  PSMF ¶ 3; DRPSMF ¶ 3.  The two afflictions cause Ms. Farris to periodically experience "difficulty eating, swallowing, chewing, gagging, choking, spitting up blood, and weight loss; numbness and burning in her feet and calves, . . . tearing in her left eye, . . .  and blood in her stomach . . . ."  PSMF ¶ 4; DRPSMF ¶ 4.  These symptoms did not prevent Ms. Farris from performing her job.  PSMF ¶ 5; DRPSMF ¶ 5.  Ms. Ayotte later informed Mr. Gagne that Ms. Farris suffered from myasthenia gravis and a pre-existing back condition.  PSMF ¶ 6; DRPSMF ¶ 6.

On or about October 6, 2008, Ms. Farris contacted Mr. Gagne about returning to work.  PSMF ¶ 7; DRPSMF ¶ 7.  During the conversation, Mr. Gagne asked Ms. Farris about her myasthenia gravis and requested the results of a Magnetic Resonance Imaging test that had been performed on Ms. Farris' throat and which was related to the myasthenia gravis.  PSMF ¶ 8; DRPSMF ¶ 8.

On October 20, 2008, Mr. Gagne requested that Ms. Farris come to the VA to fill out paperwork related to mileage reimbursement.  PSMF ¶ 9; DRPSMF ¶ 9.  Ms. Farris reported to work the same day and was directed to attend a meeting with Mr. Gagne, Christine Miller, head of Human Resources, Stanley Weller, a Human Resources employee, and Jeff Saren, a private investigator.  PSMF ¶ 10; DRPSMF ¶ 10.  At the meeting, Mr. Saren showed Ms. Farris some surveillance video and

accused her of committing fraud. PSMF ¶ 11; DRPSMF ¶ 11. According to Ms. Farris, the Federal Worker's Compensation Department found "there was insufficient evidence" of fraud.[3] PSMF ¶ 11; DRPSMF ¶ 11.

On October 23, 2008, Ms. Farris returned to work after being given permission by her physician. PSMF ¶ 12; DRPSMF ¶ 12. On October 31, 2008, Ms. Farris was placed on administrative leave and notified that her employment would be terminated on November 12, 2008. DSMF ¶ 2; PRDSMF ¶ 2. The reason given for Ms. Farris' termination was the "circumstances surrounding your recent absence from work. Where you were less than candid concerning your medical condition, this conduct has caused me to lose confidence in your ability to satisfactorily perform the duties of your position."[4] PSMF ¶ 13; DRPSMF ¶ 13; *Decl. of Donna Marie Farris*, Ex. 1 (*11/14/08 OSC Letter*).

On or about November 5, 2008, Ms. Farris filed an informal charge of discrimination with the Equal Employment Opportunity (EEO) counselor at the VA. DSMF ¶ 3; PRDSMF ¶ 3; PSMF ¶ 14; DRPSMF ¶ 14. Around the same time, Ms. Farris filed an informal complaint with the Office of Special Counsel (OSC) alleging,

[3] Ms. Farris also claims that the VA dropped the fraud allegations. PSMF ¶ 11. The VA denies Ms. Farris' statement of fact on this point, objecting to her characterization of the Federal Worker's Compensation Department's findings. DRPSMF ¶ 11. The VA quotes from the Federal Workers' Compensation Department decree, which did not dispute the contents of the surveillance material, but noted that the VA did not present evidence that demonstrated Ms. Farris had not sustained her claimed injury. *Id.* Ms. Farris' support for the assertion that the VA dropped the fraud allegation is a conclusory statement in her own affidavit and a reference to allegations in paragraph 38 of her Complaint and the VA's Answer. PSMF ¶ 11. The Court agrees with the VA that there is no evidence that it ever dropped the fraud allegations. Ms. Farris' blanket assertion in her affidavit on this point is unsupported and the reference to the allegations in paragraph 38 of the Complaint and the VA's answer do not sustain the assertion. The Court strikes so much of Ms. Farris' Statement of Material Fact 11 as alleges that the VA dropped its fraud allegation against her.
[4] The VA denies Ms. Farris' statement of fact on this point, objecting to her characterization of the letter. The Court quotes the relevant text of the letter, attached as an exhibit to Ms. Farris' second affidavit.

*inter alia*, wrongful termination.[5]  PSMF ¶ 15; DRPSMF ¶ 15.  The OSC complaint

included allegations of violation of the Whistleblower Protection Act.  *Def.'s*

*Statement of Additional Material Facts* ¶ 9 (Docket # 19) (DSAMF); *Pl.'s Reply to*

*Def.'s Statement of Additional Material Facts* ¶ 9 (Docket # 20) (PRDSAMF).  The

OSC responded that Ms. Farris needed to file a complaint on OSC form 11, and Ms.

Farris did so through her attorney, Stephanie Mills, on or about November 21,

2008.[6]  PSMF ¶ 16; DRPSMF ¶ 16.  The OSC complaint included statements that

Ms. Farris "was terminated from my position because of my disabilities (neck

injury)," and "I complained to Center Director Brian Stiller . . . I was being singled

out and punished for having a disability (neck injury and autoimmune disease)."[7]

PSMF ¶ 17; DRPSMF ¶ 17.  The OSC acknowledged receipt of Ms. Farris' formal

complaint on December 3, 2008.  PSMF ¶ 18; DRPSMF ¶ 18.

On the same day Ms. Farris' attorney submitted the complaint to the OSC,

she filed two cases with the Merit Systems Protection Board (MSPB)—case

numbers PH-315H-09-0118-I-1 and PH-1221-09-0115-W-1.  PSMF ¶ 17; DRPSMF ¶

17; DSAMF ¶¶ 1, 2, 5; PRDSAMF ¶¶ 1, 2, 5.  The prohibited practice charge

referenced Ms. Farris' neck injury and autoimmune disease.  PSMF ¶ 17; DRPSMF

---

[5] The VA denies Ms. Farris' proffered fact, arguing that the November 14, 2008 OSC letter to which Ms. Farris cites does not support her assertion that she filed an informal complaint with OSC or the date she filed such a complaint.  DRPSMF ¶ 15.  Ms. Farris supported the Statement of Material Fact 15 with an affidavit from Ms. Farris and a copy of a November 14, 2008 letter from OSC, acknowledging its receipt and disposition of her complaint.  PSMF ¶ 14.  The OSC letter and Ms. Farris' affidavit are sufficient for summary judgment purposes to place the asserted facts before the Court.

[6] The VA makes a qualified response to this fact proffered by Ms. Farris.  DRPSMF ¶ 16.  The Court recites Ms. Farris' account as the non-moving party.

[7] The VA makes a qualified response to Ms. Farris' Statements of Material Fact 17 and 18, arguing that the OSC complaint is immaterial to the pending motion.  DRPSMF ¶¶ 17-18.  The Court disagrees with the VA.

¶ 17.  The MSPB acknowledged receipt of Ms. Farris' formal complaint on December 3, 2008.  PSMF ¶ 18; DRPSMF ¶ 18.  With respect to case number PH-315H-09-0118-I-1, Administrative Judge Boulden indicated that the case might be premature and the MSPB might not, therefore, have jurisdiction.  PRDSAMF ¶ 3.  Judge Boulden ordered Ms. Farris "to file evidence and argument to prove that this action is within the Board's jurisdiction."  DSAMF ¶ 2; PRDSAMF ¶ 2.  Judge Boulden directed that Ms. Farris file this submission within fifteen days of the date of the order, or December 18, 2008.  DSAMF ¶ 2; PRDSAMF ¶ 2.

On December 9, 2008, Ms. Farris' attorney requested a formal hearing on the EEOC charges.[8]  PSMF ¶ 19; DRPSMF ¶ 19.  Ms. Farris and the VA later agreed to mediate the EEOC complaint.[9]  PSMF ¶ 20; DRPSMF ¶ 20.  The Mediation was held on December 15, 2008 and it was unsuccessful.  PSMF ¶ 21; DRPSMF ¶ 21; DSAMF ¶ 7; PRDSAMF ¶ 7.  By letter dated December 17, 2008, the VA's Office of Resolution Management (ORM) notified Ms. Farris that the parties were unable to

---

[8] The VA denies this fact, arguing that it is controverted by a previous affidavit submitted by Attorney Mills (Docket # 15) in which she states that she requested a formal hearing on the MSPB charges, and by an accompanying letter that references case numbers applying to the MSPB proceedings.  DRPSMF ¶ 19.  For purposes of summary judgment, the Court accepts Ms. Farris' proffered fact as true.

[9] The VA objects to Ms. Farris Statements of Material Fact 20 and 21, arguing that they should be disregarded as relying upon "confidential mediation documents that she and her attorneys expressly agreed were 'inadmissible' and 'not discoverable for any purposes whatsoever' in 'other proceedings.'"  DRPSMF ¶¶ 20, 21.  Paragraph 20 only references the fact that a mediation took place and that Attorney Mills filed a mediation statement with the EEOC.  Paragraph 20 does not attempt to reference the content of the mediation statements.  The Court overrules the VA's objection to Statement of Material Fact 20.  Paragraph 21, however, references in part the content of Ms. Farris' mediation statement.  The VA's objection to this portion of Statement of Material Fact 21 is sustained.  *See Rathje v. Scotia Prince Cruises, Ltd.*, No. 01-123-P-DMC, 2001 WL 1636961, at * 7 n.16 (D. Me. Dec. 20, 2001) (ruling inadmissible "those portions of the plaintiffs' statement of facts setting forth the contents of the settlement negotiations").  The Court overrules the VA's objection to that portion of paragraph 21 which asserts that the mediation was held on December 15, 2008 and that it failed.

resolve her November 5, 2008 informal complaint.[10] PSMF ¶ 22; DRPSMF ¶ 22; DSAMF ¶ 7; PRDSAMF ¶ 7. This letter, which Ms. Farris received on December 18, directed her to file a formal EEO complaint within fifteen days of her receipt of the letter—by January 2, 2009.[11] DSMF ¶ 4; PRDSMF ¶ 4; PSMF ¶¶ 22, 23; DRPSMF ¶¶ 22, 23. After receiving the letter, Ms. Farris immediately forwarded it to her attorney, Ms. Mills, who received it on December 19.[12] PSMF ¶ 23; DRPSMF ¶ 23.

On the same day, Judge Boulden dismissed MSPB case number PH-315H-09-0118-I-1 after Ms. Farris withdrew the claim. DSAMF ¶ 4; PRDSAMF ¶ 4. Judge Boulden also dismissed case number PH-1221-09-0115-W-1, which alleged violation of the Whistleblower Protection Act, on the grounds that the appeal was premature since 120 days had not yet run from the date Ms. Farris sought corrective action from the OSC. DSAMF ¶¶ 5, 6; PRDSAMF ¶¶ 5, 6. Consequently, there was no action pending before the MSPB between Ms. Farris and the VA after December 19, 2008. DSAMF ¶ 8; PRDSAMF ¶ 8.

Attorney Mills believes she filed documents with the OSC on January 2, 2009.[13] PSMF ¶ 24; DRPSMF ¶ 24. Attorney Mills erroneously believed that she had also filed the formal complaint with the EEOC on January 2. PSMF ¶ 25; DRPSMF ¶ 25. After discovering her error, Attorney Mills immediately contacted

---

[10] The VA's makes a qualified response to this fact proffered by Ms. Farris. The Court recites Ms. Farris' account as she is the non-moving party.

[11] *See supra* note 10.

[12] *See supra* note 10.

[13] The VA denies this fact proffered by Ms. Farris. The Court recites Ms. Farris' account as she is the non-moving party.

the EEOC Investigator to determine how to proceed.[14]  PSMF ¶ 25; DRPSMF ¶ 25.

On January 13, 2009, having not received a response from the EEOC Investigator,

Attorney Mills filed a formal complaint with the EEOC.[15]  DSMF ¶ 5; PRDSMF ¶ 5;

PSMF ¶ 26; DRPSMF ¶ 26.  Included with the formal complaint was a letter from

Attorney Mills admitting the tardiness of the complaint and explaining that she had

believed she had filed the complaint on January 2, but that it had been "overlooked"

because of the "holiday rush."  DSMF ¶ 6; PRDSMF ¶ 6; PSMF ¶ 27; DRPSMF ¶ 27.

On February 18, 2009, the EEOC denied the complaint as untimely.  DSMF ¶

7; PRDSMF ¶ 7; PSMF ¶ 27; DRPSMF ¶ 27.  Attorney Mills received the EEOC's

letter of denial on February 23, 2009, and timely appealed the same day.[16]  PSMF

¶¶ 27, 28; DRPSMF ¶¶ 27, 28.  The OSC advised Attorney Mills by letter on March

25, 2009, that it had made a preliminary decision to dismiss Ms. Farris' complaint.[17]

PSMF ¶ 29; DRPSMF ¶ 29.  Ms. Farris timely appealed on April 1, 2009,

referencing her injury in the appeal letter.[18]  PSMF ¶ 30; DRPSMF ¶ 30.  On June

3, 2009, the OSC denied the appeal, reiterating that it "defers such allegations [of

handicap discrimination] to the EEO procedures of the Agency and the EEOC and

the Courts pursuant to 5. C.F.E. [sic] § 1810.1."[19]  PSMF ¶ 31 (changes in PSMF);

DRPSMF ¶ 31.  On June 22, 2009, the EEOC Regional Officer rejected Ms. Farris'

---

[14] The VA asserts a qualified response, indicating that its investigator has no record of any contact from Attorney Mills.  DRPSMF ¶ 25.  The Court accepts Ms. Farris' version as the nonmoving party.
[15] *See supra* note 14.
[16] The VA makes a qualified response to these statements of fact by Ms. Farris, arguing that they are immaterial.  DRPSMF ¶¶ 27, 28.  The Court disagrees with the VA.
[17] *See supra* note 16.
[18] *See supra* note 16.
[19] *See supra* note 16.

appeal.[20]  PSMF ¶ 32; DRPSMF ¶ 32.  Ms. Farris sought reconsideration on July 20,

2009.[21]  PSMF ¶ 33; DRPSMF ¶ 33.  The EEOC denied the appeal by letter dated

October 8, 2009.[22]  PSMF ¶ 34; DRPSMF ¶ 34.

On January 8, 2010, Ms. Farris filed a complaint against the VA in this Court

alleging disability discrimination.  DSMF ¶ 8; PRDSMF ¶ 8.  The VA was served

with a copy of the summons and complaint on March 17, 2010.  DSMF ¶ 9;

PRDSMF ¶ 9.  The Complaint claims that the VA violated the American with

Disabilities Act (ADA) and the Rehabilitation Act.  *Compl.* ¶¶ 45-52 (Docket # 1).

### B.    The VA's Motion

On June 16, 2010, the VA moved to dismiss the complaint or, in the

alternative, for summary judgment on the ground that Ms. Farris failed to timely

exhaust administrative remedies.  *VA Mot.* at 1.  The VA targets Ms. Farris' tardy

filing of the formal complaint, which Ms. Farris' attorney attributed to the fact the

complaint had been "overlooked" due to "the holiday rush."  *Id.* at 2-3.

Observing that a federal employee's failure to comply with time limitations

serves as ground for dismissal, the VA contends that an employee must file a formal

complaint with the EEOC within fifteen days of receipt of notice of the right to file.

*Id.* at 2 (citing 29 C.F.R. §§ 1614.105(d), 1614.106(b) (2010)).  The VA acknowledges

that federal law permits equitable exceptions to Title VII limitations periods but

contends that equitable tolling is reserved "for exceptional cases."  *Id.* (citing *Chico-*

*Velez v. Roche Prods., Inc.*, 139 F.3d 56, 59 (1st Cir. 1998)).  According to the VA,

---

[20] *See supra* note 16.
[21] *See supra* note 16.
[22] *See supra* note 16.

equitable tolling does not extend to "at best a garden variety claim of excusable neglect." *Id.* at 2-3 (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 98, 92 (1990)).

### C.    Donna Farris' Response

Donna Farris objects to dismissal and summary judgment. *Pl.'s Opp'n to Def.'s Mot. to Dismiss or in the Alternative for Summ. J.* (Docket # 13) (*Pl.'s Opp'n*). Ms. Farris "does not dispute that her formal complaint to the EEOC was filed 11 days after the 15-day limitation period." *Id.* at 5. Rather, noting that all of the deadlines in 29 C.F.R. § 1614 are subject to equitable tolling, she contends that her failure to make a timely filing should be excused. *Id.* She points out that on November 21, 2008, she had filed a formal complaint with the OSC and, therefore, the "VA knew – or already should have known – by virtue of the November 21, 2008 formal complaint to the EEOC – that [Ms.] Farris was complaining of disability discrimination." *Id.* at 6. She notes that she had filed claims of disability discrimination with multiple agencies. *Id.* She presses the contention that the mistake was her attorney's and not her own. *Id.* Finally, she says that there is no suggestion of prejudice to the VA. *Id.*

Ms. Farris recites the facts of this case, including her attorney's delinquency, as well as the history of her multiple avenues of complaint, including filings with the EEOC, the OSC and the MSPB. *Id.* at 7-8. Ms. Farris contends that, in these circumstances, her failure to make a timely filing should be equitably excused. *Id.*

### D.    The VA's Reply

The VA is unmoved. It reiterates that "[i]t is undisputed that Plaintiff did not timely file her formal EEO complaint." *Reply to Pl.'s Opp'n to Mot. to Dismiss or in the Alternative for Summ. J.* at 1 (Docket # 18). Noting that it is Ms. Farris' burden to prove that she is entitled to equitable tolling, the VA regards Ms. Farris' justification for tolling as "garden variety neglect" on the part of her attorney, which the VA says, is insufficient under applicable case law. *Id.* at 2. The fact that Ms. Farris made "scattershot" filings with multiple agencies does not, in the VA's view, excuse her failure to make a timely filing with the EEOC. *Id.* at 3.

## II. DISCUSSION

### A. The Summary Judgment Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[23] FED. R. CIV. P. 56(a). For summary judgment purposes, "'genuine' means that the evidence is such that a reasonable jury could return a verdict for the nonmoving party, and a 'material fact' is one which might affect the outcome of the suit under the governing law." *Buchanan v. Maine*, 469 F.3d 158, 166 (1st Cir. 2006) (quoting *Seaboard Sur. Co. v. Town of Greenfield*, 370 F.3d 215, 218-19 (1st Cir. 2004)) (internal quotation marks omitted). "Neither conclusory allegations [nor] improbable inferences are sufficient to defeat summary judgment." *Carroll v.*

---

[23] Federal Rule of Civil Procedure 56 has been amended since the VA filed its motion. The Advisory Committee Notes explain that the 2010 Amendments are directed toward judicial procedure and consistency and that "[t]he standard for granting summary judgment remains unchanged." The 2010 Amendments neither alter the parties' briefs nor earlier case law explaining the summary judgment standard.

*Xerox Corp.*, 294 F.3d 231, 236-37 (1st Cir. 2002) (citation and internal quotation marks omitted).

### B.  The Law of Equitable Tolling

Under 42 U.S.C. § 2000e-16(c), a federal employee must exhaust administrative remedies before initiating a discrimination claim under Title VII in federal court.  *Irwin*, 498 U.S. at 94.  Compliance with the exhaustion requirements of § 2000e-16(c) "is a condition to the waiver of sovereign immunity and thus must be strictly construed."  *Id.*  An aggrieved person is entitled to a notice from the EEO that the complainant has "the right to file a discrimination complaint within 15 days of receipt of the notice" but the aggrieved person must then file the complaint within fifteen days of receiving notice.  29 C.F.R. §§ 1614.105(d), 1614.106(b) (2010).  The failure to comply with this time limit may subject the complainant's federal law suit to dismissal.  *Cano v. United States Postal Serv.*, 755 F.2d 221, 223 (1st Cir. 1985) (stating that the employee's "failure to file her charge of discrimination within the required time period bars relief in the district court").

The Supreme Court has held that Title VII time limits are not jurisdictional and may be subject to equitable tolling in the same way it is applicable to private suits.  *Irwin*, 498 U.S. at 93-96.  Thus, although the failure to comply with required time periods ordinarily shuts the courthouse door to the Title VII complainant, the would-be plaintiff can unlock it in exceptional circumstances, where the plaintiff can demonstrate waiver, estoppel, or equitable tolling.  *See McKinnon v. Kwong Wah Rest.*, 83 F.3d 498, 505 (1st Cir. 1996).  The burden to prove entitlement to equitable estoppel rests with Ms. Farris.  *Rivera-Gomez v. de Castro*, 900 F.2d 1, 3

(1st Cir. 1990) (stating that it is "settled that parties relying on an estoppel have the burden of proving it"). It is a significant burden. The First Circuit has made it clear that the courts are to "hew to a 'narrow view' of equitable exceptions to Title VII limitations periods." *Rys v. United States Postal Serv.*, 886 F.2d 443, 446 (1st Cir. 1989) (quoting *Mack v. Great Atl. and Pac. Tea Co.*, 871 F.2d 179, 185 (1st Cir. 1989)). In *Rys*, the First Circuit quoted the United States Supreme Court in delineating the circumstances under which equitable relief may be granted to a Title VII plaintiff:

> [where] a claimant has received inadequate notice, or where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon, or where the court has led the plaintiff to believe that she had done everything required of her, . . . [or] where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction.

*Id.* (quoting *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984)) (brackets in First Circuit opinion). In *Irwin*, the Supreme Court restated the *Baldwin County* standard:

> Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.

*Irwin*, 498 U.S. at 96.

The First Circuit stressed that "to find succor in equity a Title VII plaintiff must have diligently pursued her claims," *Rys*, 886 F.2d at 446, and it has written that "the baseline rule is that time limitations are important in discrimination cases, and that federal courts therefore should employ equitable tolling sparingly,"

*Bonilla v. Muebles J.J. Alvarez, Inc.*, 194 F.3d 275, 278 (1st Cir. 1999). Equitable tolling may be appropriate when a complainant misses a deadline because of "circumstances effectively beyond her control." *Id.* at 279.

### C.    The Law and Donna Marie Farris

None of the *Baldwin County* factors, as explained by *Irwin*, justifies tolling in Ms. Farris' case. There is no claim of inadequate notice; no motion for appointment of counsel was pending; no defective pleading was filed during the allowable period; no claim made that the VA engaged in affirmative misconduct that lulled or tricked her into inaction; and, no allegation that a court led Ms. Farris to believe that she had done everything required of her. *See Lavery v. Marsh*, 918 F.2d 1022, 1028 (1st Cir. 1990) ("Nowhere here does Lavery claim that he in fact was misled . . . and was thereby lulled into inaction."). Instead, Ms. Farris makes the following arguments: (1) she had "diligently pursued multiple avenues of relief and repeatedly complied with the numerous deadlines imposed by the various agencies," *Pl.'s Opp'n* at 5; (2) the filing of a formal complaint with the OSC, which defers to the EEOC, placed the VA on notice of her claim, *id.* at 5-6; (3) the mistake was her lawyer's, not her own, *id.* at 6; (4) she has complied with the standards for relief under *Perry v. Wolaver*, 506 F.3d 48, 56 n.10 (1st Cir. 2007), *id.* at 6-7; (5) "dismissal with prejudice is an extreme sanction . . . [and] is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists," *id.* at 8 (quoting *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 246 (5th Cir. 1980)); (6) the press of legal business and the Christmas and New Year's Day holidays justified her late filing, *id.* at 9; and, (7) the VA has not demonstrated any prejudice from the late filing, *id.*

Ms. Farris' arguments are unpersuasive. While it is true that Ms. Farris elected to pursue various avenues of relief, the Court is concerned here with whether she perfected her Title VII claim against the VA. Specifically, Ms. Farris filed an allegation with the OSC that her termination during her probationary year was unjustified and amounted to retaliation for protected activity and for filing a Workers' Compensation claim and handicap discrimination complaint. *See Decl. of Jeffrey Neil Young*, Ex. 2 at 1 (Docket # 21). But OSC regulation provides:

> The Special Counsel is authorized to investigate allegations of discrimination prohibited by law, as defined in 5 U.S.C. § 2302(b)(1). Since procedures for investigating discrimination complaints have already been established in the agencies and the [EEOC], the Special Counsel will normally avoid duplicating those procedures and will defer to those procedures rather than initiating an independent investigation.

5 C.F.R. § 1810.1 (2010). Ms. Farris has not explained why filing with the OSC, which defers to EEOC procedures, excuses her from complying with EEOC procedures.

Furthermore, Ms. Farris' assertion that she was not required to follow EEOC complaint procedures because the VA knew about her complaint is unavailing. By January 2, 2009, when Ms. Farris' formal EEOC complaint was due, there was no action pending before the MSPB between Ms. Farris and the VA. DSAMF ¶ 8; PRDSAMF ¶ 8. The EEOC did not know whether Ms. Farris was going to proceed formally with her EEOC complaint, and, under its regulations, she was required to timely file with the EEOC, not the VA. In short, Ms. Farris' pursuit of other remedies with other agencies does not justify her failure to comply with EEOC procedure.

The record reflects that Ms. Farris was an especially vigilant client, diligently contacting her attorney and receiving inaccurate assurances that the EEOC complaint would be timely filed. Ms. Farris thus makes a sympathetic argument that she should be excused for her lawyer's mistake. However, under the law, a client cannot excuse a failure to comply with deadlines by blaming her attorney. *Hoult v. Hoult*, 57 F.3d 1, 5 n.3 (1st Cir. 1995) ("We have repeatedly held that the acts and omissions of counsel are customarily visited upon the client in a civil case." (citations and internal quotation marks omitted)). As the Supreme Court observed in *Irwin*, "[u]nder our system of representative litigation, each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." 498 U.S. at 92 (citations and internal quotation marks omitted).

Furthermore, the First Circuit has explained that "courts generally impute constructive knowledge of filing and service requirements to plaintiffs who . . . consult with an attorney." *Kelley v. Nat'l Labor Relations Bd.*, 79 F.3d 1238, 1249 (1st Cir. 1996). Thus, in *Kelley*, the First Circuit reasoned that:

> Appellant's attorney had full access to the Board's rules and regulations and could have initiated service on [the employer] within the section 10(b) period. That she was unfamiliar with Board regulations, in and of itself, is not an excuse for failure to comply with section 10(b)'s requirements.

*Id.* (citations omitted) (NLRB case). Similarly, in *Lopez v. Citibank, N.A.*, 808 F.2d 905, 907 (1st Cir. 1987), the First Circuit refused to apply equitable tolling to a plaintiff who had a mental disability, noting that the plaintiff had "presented no strong reason why, despite the assistance of counsel, he was unable to bring suit."

16

Attorney Mills' implicit contention that, because the fifteen-day period fell during the Christmas and New Year's Day holidays, she was justified in missing the filing deadline, is not a sufficient basis for equitable tolling. The holiday period between Christmas and New Year's Day is a readily anticipated annual affair and legal deadlines invariably continue to fall due. Attorney Mills' reference to the number of days her law firm was closed during this interval is unconvincing since Ms. Farris stated that, on December 18, 2008, immediately after receiving the ORM letter, she contacted Attorney Mills and shortly received an email assuring her "that she would make sure that the charge was timely filed." *Decl. of Donna Marie Farris* ¶¶ 4-6 (Docket # 14). Further, Ms. Farris followed up with Attorney Mills' office on December 26, 2008, and Attorney Mills' legal assistant "assured [her] that Ms. Mills was aware of the need to timely file the formal complaint and was working on it." *Id.* ¶ 7.

Unfortunately, despite Ms. Farris' diligence, Attorney Mills did not file the formal complaint until January 13, 2009. DSMF ¶ 5; PRDSMF ¶ 5. Contrary to her promises and assurances, Attorney Mills simply failed to file a timely formal complaint. That failure is precisely the sort of garden variety neglect to which the Supreme Court in *Irwin* declined to extend equitable tolling. 498 U.S. at 96 ("[T]he principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect."); *see also Drew v. MacEachern*, 620 F.3d 16, 20 (1st Cir. 2010).

Ms. Farris' reliance on *Perry v. Wolaver* is misplaced.  In *Perry*, the First Circuit reviewed the standards to evaluate a claim of excusable neglect for a late response to a motion for summary judgment in a civil action, including whether the late party had missed any previous deadlines, whether she responded promptly upon learning of the error, whether there was any bad faith or intent to delay, and whether there was any prejudice to the opposing party.  506 F.3d at 56 n.10.  The *Perry* standards for evaluating excusable neglect in a civil case pending before the Court are not consistent with the *Baldwin County* standards for evaluating whether a Title VII claimant has satisfied her burden of proving a claim of equitable estoppel caused her failure to meet administrative deadlines.

Citing *Gonzalez v. Firestone Tire & Rubber Co.*, Ms. Farris says that the Court should not dismiss a Title VII action for failure to comply with administrative deadlines and, further, that dismissal with prejudice for lack of prosecution is "an extreme sanction that deprives a litigant of the opportunity to pursue his claim . . . [and that dismissal] is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists." *Pl.'s Opp'n* at 7-8 (quoting *Gonzalez*, 610 F.2d at 247) (changes in *Pl.'s Opp'n*).  *Gonzalez*, however, is not applicable here, either factually or legally.

First, *Gonzalez*'s factual dissimilarities render it inapposite.  In *Gonzalez*, the EEOC issued an initial determination letter stating that it had concluded that reasonable cause did not exist to believe that the employer had violated Title VII and informing the claimant that he had 90 days within which to file a private

action. 610 F.2d at 243. Forty-one days later, the EEOC informed Mr. Gonzalez that it "had decided to reconsider its earlier determination" and it subsequently issued a second right to sue letter. *Id.* at 243-44. Mr. Gonzalez filed suit outside the first ninety-day period and within the second. *Id.* at 244. The employer took the position that the first ninety-day period controlled and that the EEOC had no statutory or regulatory right to reconsider its initial decision. *Id.* at 245. The Fifth Circuit disagreed, concluding that, under 42 U.S.C. § 2000e-5(f)(1), the ninety-day limitations period did not begin to run until the claimant had received "unambiguous notice that the EEOC has terminated its administrative processing of the charge and has decided not to sue." *Id.* Here, Ms. Farris makes no claim that the ORM had informed her that it was reconsidering its decision or that the Notice to File a Formal Complaint was in any way ambiguous.

Second, *Gonzalez*'s "extreme sanction" language is inapplicable to Ms. Farris' case. After the *Gonzalez* district court dismissed the Title VII count for failure to timely file, the Court was left with a cause of action under 42 U.S.C. § 1981. *Id.* at 244. The district court dismissed that part of the claim, however, when Mr. Gonzalez's attorney failed to appear at a pretrial conference. *Id.* at 246-47. In ruling that there was not clear evidence of delay or contumacious conduct by Mr. Gonzalez or his attorney, the Fifth Circuit searched through a long line of case law supporting the legal standard for dismissal. *Id.* at 247. *See also Esposito v. Home Depot U.S.A.*, 590 F.3d 72, 77-81 (1st Cir. 2009) (addressing a district court sanction that had the practical effect of a dismissal with prejudice). However, the proper

sanction to impose against a plaintiff whose lawsuit is properly before the court is unrelated to whether a Title VII claimant has demonstrated that the principles of equitable estoppel should be applied where she has failed to comply with administrative deadlines. *Gonzalez* does not assist Ms. Farris.[24]

Finally, as regards the alleged lack of prejudice suffered by the VA, the First Circuit has written that "[a] showing of a mere lack of prejudice to the defendant is not enough to justify tolling the statute; there must also be an affirmative showing that one of the named equities existed." *Soto v. United States Postal Serv.*, 905 F.2d 537, 541 (1st Cir. 1990). In other words, "absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply once a factor that might justify tolling is identified, it is not an independent basis for invoking the doctrine . . . ." *Kale v. Combined Ins. Co. of Am.*, 861 F.2d 746, 753 (1st Cir. 1988) (quoting *Baldwin Cnty. Welcome Ctr.*, 466 U.S. at 152). As Ms. Farris has not otherwise justified the application of the doctrine of equitable tolling, the Court does not reach the question of prejudice.

## III. CONCLUSION

The Court GRANTS the Defendant's Motion for Summary Judgment (Docket # 7) and DISMISSES as moot the Defendant's Motion to Dismiss (Docket # 7). Judgment shall issue in favor of Defendant Eric K. Shinseki, Secretary of the Department of Veterans Affairs.

---

[24] The same can be said of *Anthony v. Marion County General Hospital*, 617 F.2d 1164 (5th Cir. 1980), another case Ms. Farris cites for support. *Anthony* involved a dismissal of a pending cause of action after the plaintiff and her attorney failed to attend a rescheduled deposition. *Id.* at 1166-67. The standards for imposing a discovery sanction in a pending action are not the same as the standards for determining whether equitable estoppel should apply to the failure to comply with an administrative time deadline in a Title VII action.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 11th day of January, 2011